Penelope S. Strong
STRONG LAW FIRM
2517 Montana Avenue
Billings, MT. 59101
Telephone:  406-839-9220
Facsimile:   406-839-9221
Email ps18rabbits@gmail.com

ATTORNEY FOR DEFENDANT

## UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA
## BISMARCK DIVISION

| | | |
|---|---|---|
| **UNITED STATES**, | ) | **CR-4:14-cr-00135-DLH** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM IN** |
| | ) | **SUPPORT OF MOTION TO** |
| **TERRANCE C. JACKSON** | ) | **SUPPRESS STATEMENTS** |
| Defendant. | ) | |
| | ) | |

**NOW COMES** Terrance C. Jackson, Defendant in the above-entitled case,

by and through his counsel of record, Attorney Penelope S. Strong, and

respectfully submits his memorandum in support of the motion to suppress

statements.

### 1. Factual Background.

On March 27, 2014, at approximately 3:00 pm, Gerald Smith was stabbed in

a road side altercation, outside Newtown, North Dakota. The incident occurred on

the Three Affiliated Tribes reservation.

1

The Defendant was identified by a witness at the scene as a suspect, so officers developed a location for Mr. Jackson, and eventually arrested him shortly after 5:00 pm, at an apartment in the Newtown area.

Mr. Jackson had an active arrest warrant, from the U.S.District Court, for allegedly violating various conditions of his supervision. See, Docket No. 46, in Case No. 4:10-cr-00068- DLH. The alleged violations included failing to report, possession of drug paraphernalia, admission to the use of marijuana and methamphetamines, and various other violations. Id. The warrant was issued on March 19, 2014. Id.

The Defendant was arrested at approximately 5:08 pm on March 27, 2014 when he was found in a closet in an apartment at 104 Eagle Drive and Fifth Ave. by Officers Gadewoltz and Rodriguez. Officer Gadevoltz advised him of the federal arrest warrant, read him his rights under Tribal law, and his *Miranda* rights, but did not have him sign a written waiver of those rights. Mr. Jackson was then transported and held at the Gerald Fox Justice Center.

At approximately 7:14 pm on March 27, 2014, FBI officers Bruce Bennett, Chad Coulter and Gerald White, of BIA drug enforcement, contacted Mr. Jackson at the jail. Agent Bennett first asked if he knew why he was in custody and Mr. Jackson advised he knew about the warrant. Agent Bennett showed him the arrest warrant and advised he'd be transported to appear in federal court.

The agents then sought and obtained a verbal consent to swab Mr. Jackson's fingers, and they secured those swabs, which were later tested for evidence in this case.

Questioning of Mr. Jackson commenced during this session and at no point was he advised of his Miranda rights, nor was the interview tape recorded. The Defendant proceeded to provide incriminating statements regarding daily drug, and "meth" use by both injecting and smoking the drug, and advised he could not recall certain events, including when he last cut his hair. Agents questioned about his "health" and asked on a scale of one to ten, how he was doing, and he said at a "3".

The three agents then proceeded to question him about an incident that occurred earlier in the "evening", and he asserted his right to counsel. Mr. Jackson then purportedly stated he was caught up in drugs, and needed an attorney. The agents then terminated the interview.

Mr. Jackson was brought before the U.S. Magistrate on March 28, 2014. Docket Entry # 50, Case No. 4:10-cr- 00068-DLH, to appear on the warrant.

**2. Issue Presented.**

Must Mr. Jackson's verbal statements to the investigating agents be suppressed, for violations of his Fifth and Sixth Amendment rights?

**3. Argument.**

**A. All Verbal Statements must be Suppressed for Violation of the**

**Miranda rule.**

There is no doubt regarding two critical circumstances in this criminal case: 1) Mr. Jackson was in custody, due to his arrest; and 2) No Miranda warnings were given by the agents who engaged him in this brief, but important, interview.

Miranda warnings are uncategorically required, when a suspect is subjected to custodial questioning. *Miranda v. Arizona*, 384 U.S. 436, 444, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 Ohio Misc. 9, 36 Ohio Op. 2d 237 (1966). Here, the defense contends that even though the arresting officer verbally advised Mr. Jackson of his Miranda rights, the federal agents who subsequently interviewed Mr. Jackson should have also administered *Miranda* warnings, and obtained the typical written waiver.

Additionally, the statements elicited were not mere banter, but incriminated Mr. Jackson in the killing of Gerald Smith, due to the Defendant's admission of daily meth use, and his statements he could not recall when he last cut his hair. (Mr. Jackson was reported to have cut his hair at the apartment he fled to after the stabbing of Mr. Smith, according to the witnesses at that residence).

Nor can the U.S. argue that these statements were volunteered by Mr. Jackson to the agents. Their report does not indicate he volunteered for the custodial interview, offered or requested to speak with the agents.

To the extent the agents may claim they were only concerned about the

violations of Mr. Jackson's supervision, such a claim cannot be found credible, for they obtained his verbal consent to swab his fingers *before* interviewing him further. Quite clearly, gathering that evidence related to the allegation Mr. Jackson had killed Gerald Smith, not the lesser violations of supervision.

### B. The Violation of the Sixth Amendment Right of Counsel and the Mallory-McNabb Rule.

Under *McNabb v. United States*, 318 U.S. 332, 63 S. Ct. 608, 87 L. Ed. 819 (1943), and *Mallory v. United States*, 354 U.S. 449, 77 S. Ct. 1356, 1 L. Ed. 2d 1479 (1957), the "McNabb-Mallory rule", suppression of an accused's statement is required if there was an unreasonable delay in bring the individual before a magistrate judge. *Corley v. United States*, 556 U.S. 303, 129 S. Ct. 1558, 1562, 173 L. Ed. 2d 443 (2009).

However, 18 U.S.C. §3501 governs this situation, as well and provides, in subsection c as follows:

> (c) In any criminal prosecution by the United States or by the District of Columbia, a confession made or given by a person who is a defendant therein, while such person was under arrest or other detention in the custody of any law-enforcement officer or law-enforcement agency, shall not be inadmissible solely because of delay in bringing such person before a magistrate [magistrate judge] or other officer empowered to commit persons charged with offenses against the laws of the United States or of the District of Columbia if such confession is found by the trial judge to have been made voluntarily and if the weight to be given the confession is left to the jury and if such confession was made or given by such person within six hours immediately following his arrest or other detention: Provided, That the time limitation contained in this subsection shall not apply in any case in which

the delay in bringing such person before such magistrate or other officer beyond such six-hour period is found by the trial judge to be reasonable considering the means of transportation and the distance to be traveled to the nearest available such magistrate or other officer.

This subsection establishes two criteria for admission of a confession made while a person was under arrest, and challenged for delay in bringing that person before a magistrate:

1. Was the confession voluntary?

2. Was it given within six hours of the person's arrest?

If both these criteria are met, then exclusion is not required. *U.S. v. Jackson,* 712 F 2d 1283, 1286 (8th Cir. 1983).

Voluntariness is defined under subsection (b) of 18 U.S.C. §3501 as:

"The trial judge in determining the issue of voluntariness shall take into consideration all the circumstances surrounding the giving of the confession, including (1) the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment, (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession, (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel; and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession."

Application of these factors in Mr. Jackson's case tips the balance towards a finding his statements were not voluntary. On March 27, 2014, the Defendant was never advised of his right to counsel-# 4; he was never advised he did not have to

6

make a statement-# 3; he did not know the nature of the crime he was charged with, and the agents did not so advise him-#2; he did not have a lawyer present-#5. Mr. Jackson submits that even if his statements are ultimately found to have occurred within the six hour "safe harbor", they should be suppressed.

While 18 U.S.C. §3501 ( b) also states that the presence or absence of any of those factors to be considered by the Court need not be conclusive on the issue of voluntariness, here, the defense submits, the weight of those factors favors full suppression  and a judicial finding that the incriminating statements were not voluntarily made.

**3.  Conclusion.**

All the verbal statements made by Mr. Jackson to the designated officer must be suppressed, for clear -cut violations of his viable and important Miranda rights. The prior reading of *Miranda* rights by the tribal officer does not suffice in this case.

DATED this 23rd day of March, 2015.

By    /s/_____
       Penelope S. Strong
       Attorney for Defendant

## **CERTIFICATE OF SERVICE**

### **L.R. 5.2 (b)**

I hereby certify that on March 23rd, 2015, a copy of the above-entitled

document was served by the following means:

\_\_\_\_ CM/ ECF
\_\_x\_ Hand Delivery
\_\_\_\_ Mail
\_\_\_\_ Overnight Delivery Service
\_\_\_\_ Fax
\_\_\_\_ E-mail

1.    Clerk of the Court
      U. S. District Court
      District of North Dakota
      Bismarck Division

2.    Rick Volk
      Assistant U.S. Attorney
      William L. Guy Federal Building
      U.S. Attorney's Office
      220 East Rosser Ave, Room 372
      Bismarck, ND 58502-0699

By:    \_\_/S/_____
       Penelope S. Strong
       Attorney for Defendant