Penelope S. Strong
STRONG LAW FIRM
2517 Montana Avenue
Billings, MT. 59101
Telephone:   406-839-9220
Facsimile:    406-839-9221
Email: ps18rabbits@gmail.com

ATTORNEY FOR DEFENDANT

## UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA
## BISMARCK DIVISION

| | | |
|---|---|---|
| **UNITED STATES**, | ) | CR-4:14-cr-00135-DLH |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S POST HEARING** |
| | ) | **MEMORANDUM IN SUPPORT** |
| v. | ) | **OF MOTION TO SUPPRESS** |
| | ) | **STATEMENTS** |
| **TERRANCE C. JACKSON,** | ) | |
| Defendant. | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**NOW COMES** Terrance C. Jackson, Defendant in the above-entitled case, by and through his counsel of record, attorney Penelope S. Strong, and respectfully submits his post hearing memorandum in support of the motion to suppress statements.

**A.   THE UNDISPUTED ASSERTION OF THE RIGHT TO COUNSEL.**

The Government does not contest the key fact that Terrance Jackson was in custody at the time the three agents called him out of his cell to question him. Thus, he was fully entitled to have Miranda warnings administered to him, before

1

any questioning commenced.

Once it is established that a defendant was questioned in custody without being advised of his Fifth Amendment rights, "the burden shifts to the government to prove *Miranda* voluntariness, either because there was no custodial interrogation implicating *Miranda*, there was some exception to the *Miranda* rule, or because [the defendant] was properly Mirandized and waived his rights." *United States v. Miller*, 382 F. Supp. 2d 350, 362 (N.D.N.Y. 2005). Mr. Jackson asserts the government has not met this burden, and his motion to suppress should be granted.

The issue of whether or not Miranda warnings had to be readminstered to him by the federal agents in their 9:53 pm evening session with Mr. Jackson[1], has emerged. Officer Gadewoltz testified that he administered verbal *Miranda* warnings to Mr. Jackson, at about 5 pm, when he arrested him in Newtown. However, that officer did not secure a written waiver of those rights from the Defendant, nor did he testify that Mr. Jackson indicated he understood those rights, and most importantly, that he ever waived them, explicitly or implicitly.

On this limited record, the Court cannot find Mr. Jackson was fully admonished of his *Miranda* rights, and waived them, when he later answered the federal officers' questions.

Indeed, it is a foremost doctrine of this area of the law that a valid waiver of

---

[1] U.S. Exhibit 4 shows that at 9:53 pm Mr. Jackson was taken to the office for the interview with FBI agents.

2

rights cannot be presumed from mere silence after warnings are provided. *Miranda v. Arizona,* 384 U.S. 436, 475 (1966). See also, *U.S. v. Wallace,* 848 F. 2d 1464, 1475 (9th Cir. 1988), where the Court held that a defendant who was silent for ten minutes after receiving Miranda warnings, before she responded to police statements and incriminated herself, had not waived her rights.

Mr. Jackson further testified that while officer Gadewoltz had him in his car, waiting to enter the TAT police station, the officer repeatedly asked him where the knife was. Officer Gadewoltz denied talking at all to the Defendant[2].

In *Miller v. U.S.,* 396 F. 2d 492, 496 (8th Cir. 1968), the Eighth Circuit Court of Appeals held that Miranda warnings did not have to be administered twice to a subject when the interrogation process was interrupted.

However, that case has a critical factual distinction from this scenario, for in that case, the Defendant was presented with a written Miranda warning and waived those rights. Here, Mr. Jackson may have been advised of his Miranda rights by the first officer, but there is insufficient evidence to find that he subsequently waived his *Miranda* rights. To the contrary, during the late night interview, he twice requested counsel. That fact is undisputed.

The Defendant submits that a more recent case, is instructive on this issue, and sets out a two part test, that should be applied in this case. In *U.S. v. Pruden,*

---

[2] The government has not produced the patrol car video for Officer Gadewoltz, which, of course, would definitively show what conversation, and interaction occurred between the two men.

398 F. 3d 241 (3rd Cir. 2005), the Third Circuit Court of Appeals ruled that whether or not a suspect must be rewarned of their *Miranda* rights, involves these two factors:

1. At the time the Miranda warning was provided, did the defendant know and understand his rights?

2. Did anything occur between the warnings and the statement, whether the passage of time, or other intervening event, which rendered the defendant unable to consider fully and properly the effect of an exercise or waiver of those rights before making a statement to law enforcement officers? Id at 246-47.

Significant here, is that the government has only shown, by Officer Gadewoltz's testimony, that Miranda warnings were given; Mr. Jackson stated he did not recall those warnings. More important is that Officer Gadewoltz did not obtain a written acknowledgement of those rights or certainly any waiver of those rights from Mr. Jackson. Thus, the first part of the *Pruden* test has not been met.

Secondly, five hours passed between the first administration of the rights and the second session, and that session occurred when Mr. Jackson was exhausted, and thus, more vulnerable to the multiple officers' influence and probing questions about his "health" and drug use.

The testimony at the July 1, 2015 suppression hearing was clear that Mr.

Jackson asserted his right to counsel two times, during the interview with FBI agents Bennett and Coulter.  In Government Exhibit 3, Agent Coulter's handwritten notes further corroborate this important fact that the first assertion occurred early on in the interview. Toward the close of the interview, Mr. Jackson again said he wanted a lawyer, and that was in the context of the agents changing the focus of their interview to the events of that date, meaning the stabbing of Gerald Smith. However, Agent Coulter testified Mr. Jackson specified he needed a lawyer for his warrant, whereas Mr. Jackson stated he wanted a lawyer for the questioning on the stabbing. That makes no sense, inasmuch as the officer also testified this exchange occurred at the end of the interview, when the officers asked if he would answer questions about the incident that occurred earlier that day, on March 27, 2014.

     The U.S. Supreme Court has held that a Fifth Amendment assertion of the right to counsel is not offense specific. See, *Edwards v. Arizona,* 451 U.S. 477, (1977). By contrast, the Sixth Amendment right to counsel is offense specific. *Messiah v. U.S.,* 377 U.S. 201, (1964). The Government cannot defeat the viability of this suppression motion by claiming the last assertion of counsel by Mr. Jackson was offense specific as to the probation violation warrant.

     In closing, Mr. Jackson contends the motion to suppress is well-taken; the Government has not met its burden of demonstrating that there was a voluntary

waiver of the *Miranda rights*, and appropriate relief should be granted.

DATED this 17th of July, 2015.

                                                    By   /s/_____
                                                           Penelope S. Strong
                                                           Attorney for Defendant

# **CERTIFICATE OF SERVICE**

## L.R. 5.2 (b)

I hereby certify that on July 17, 2015, a copy of the above-entitled document was served by the following means:

    ____  CM/ ECF
    __x_  Hand Delivery
    ____  Mail
    ____  Overnight Delivery Service
    ____  Fax
    ____  E-mail

1. Clerk of the Court
   U. S. District Court
   District of North Dakota
   Bismarck Division

2. Rick Volk
   U.S. Attorney
   William L. Guy Federal Building
   U.S. Attorney's Office
   220 East Rosser Ave, Room 372
   Bismarck, ND 58502-0699

                By: __/S/_____
                        Penelope S. Strong
                        Attorney for Defendant